UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT WEBBER,

                Petitioner,                  Crim. No. 95-CR-80116-02

vs.                                    Civ. No.   01-CV-74776

UNITED STATES OF AMERICA,             Hon. Gerald E. Rosen

                Respondent.
_____/

MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
§ 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on          May 26, 2005

PRESENT:  Honorable Gerald E. Rosen
                 United States District Judge

## I.  INTRODUCTION

On November 18, 1997, Petitioner Vincent Webber was convicted by a jury on

one count of conspiracy to possess with intent to distribute and three counts of

distribution of cocaine base.  On June 15, 1998, Webber was sentenced a term of 210

months on each count, to run concurrently, to be followed by five years supervised

release.  Webber thereafter unsuccessfully appealed his conviction and sentence and the

Court of Appeals affirmed the judgment against him on March 31, 2000.  Webber then

filed a petition for a writ of *certiorari* to the United States Supreme Court on June 29,

2000.  That petition was denied on October 24, 2000.

This matter is now before the Court on Webber's December 17, 2001"Motion to

Vacate, Set Aside or Correct Sentence" pursuant to 28 U.S.C. § 2255 and his December

15, 2004 motion to amend and supplement his original § 2255 motion.   In his § 2255

Motion, Webber argues *pro se* that in light of *Apprendi v. New Jersey*, 530 U.S. 466

(2000), his sentence was unconstitutional because (1) the jury that convicted him was not

required to find that he conspired to possess with intent to distribute or to distribute any

particular amount of a controlled substance, and (2) the Court utilized a preponderance of

the evidence standard in determining the quantity of drugs that formed the basis of its

sentencing determination.  In his motion to amend and supplement his 2255 motion,

Webber proposes to add to his *Apprendi*-based motion an argument based upon *Blakely*

*v. Washington*, ___ U.S. ___ 124 2531 (2004) and *United States v. Booker*, ___ U.S. ___,

125 S.Ct. 738 (2005).  Because Petitioner's original § 2255 motion was not timely filed,

both his original motion and his motion to amend and supplement will be denied.

28 U.S.C. § 2255 provides, in pertinent part,

A 1-year period of limitation shall apply to a motion under this section.
The limitation period shall run from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the United
States is removed, if the movant was prevented from making a motion by
such governmental action;

(3) the date on which the right asserted was initially recognized by the
Supreme Court, if that right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, for Petitioner Webber's Section 2255 Motion to be deemed timely, as provided in subsection (1),  Petitioner would have had to have filed his  Motion within one year of the date on which his judgment of conviction became final.[1]  Webber's judgment of conviction became final on October 30, 2000 when the Supreme Court denied his petition for a writ of certiorari.  Therefore, the one-year deadline for filing a Section 2255 motion expired on October 30, 2001.  However, Webber did not file his Motion until December 17, 2001,  i.e., nearly two months after the one-year period of limitations had expired.  Consequently, Webber's § 2255 action is time-barred.

The only other possible way in which Petitioner's Motion might be deemed timely is under subsection (3), which provides that the one-year period may also run from the date on which the right asserted was initially recognized by the Supreme Court *if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*.

First, to the extent that Petitioner relies upon the Supreme Court's ruling in *Apprendi v. New Jersey*, that case was decided on June 26, 2000.  This was earlier than

---

[1]  Petitioner Webber does not allege any impediment created by governmental action nor does he allege any newly discovered facts.  Therefore, subsections (2) and (4) are inapplicable in this case.  And, as discussed *infra* in this Opinion and Order, subsection (3) is inapplicable, as well.

the date on which Petitioner's judgment of conviction became final on October 30, 2000.

As indicated, the one-year limitations period runs from the *latest* of the dates provided in

subsections (1) through (4), and as shown above, the latest possible date available for

computation of time in Petitioner's case was the October 30, 2000 date on which his

judgment of conviction became final.[2]

Furthermore, even if the Court were to allow Petitioner to amend and supplement

his 2255 petition to expand the basis of his motion to include the later ruling of the

Supreme Court in *United States v. Booker*,[3] the Supreme Court did not extend *Booker* to

petitions seeking post-conviction collateral review.  *See Humphress v. United States*, 398

F.3d 855 (6th Cir. 2005) ("[T]he Supreme Court's decision in *United States v. Booker*,

which now governs Humphress's *Blakely* claim, does not apply retroactively to cases

already final on direct review."  *Id.* at 857 (citations omitted)).  Therefore, the 2005

---

[2]  Furthermore, even if Petitioner's motion were deemed to have been timely filed
his motion would be denied.   Because *Apprendi* was decided while direct review of his
judgment was still pending (certiorari was not denied until December 2000, i.e., six
months after *Apprendi* was decided), Petitioner had the opportunity to raise his *Apprendi*
arguments on direct review but did not do so.  Therefore, he is deemed to have
procedurally defaulted on his claim.  Where a defendant has procedurally defaulted a
claim by failing to raise it on direct review, the claim may be raised only if the petitioner
first demonstrates either "cause" and actual "prejudice," or that he is "actually innocent."
*See Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady,* 456 U.S.
152, 167-68 (1982).  Petitioner Webber has made neither showing.

[3]  Although Petitioner fashioned his motion to amend and supplement around the
Supreme Court's decision in *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531
(2004), the Supreme Court's subsequent decision in *United States v. Booker* now governs
that claim.

decision in *Booker* cannot be used to extend the § 2255 filing deadline beyond the date on which Petitioner's judgment of conviction became final.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner Vincent Webber's December 17, 2001 Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, and his December 15, 2004 motion to amend and supplement his original § 2255 motion are DENIED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  May 26, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 26, 2005, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager